OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on February 16, 1971, and maintains an office for the practice of law in Rochester. The Grievance Committee filed a petition charging respondent with acts of professional misconduct including making false statements of fact to a tribunal. Respondent filed an answer admitting the material allegations of the petition and he thereafter appeared before this Court and submitted matters in mitigation.
Respondent admits that, in 2008, he agreed to represent a party in an action for divorce and, at that time, his client resided in a home that was owned by the client’s spouse and was subject to a mortgage that had been obtained by the spouse from a bank. In April 2011, after the divorce action was resolved, the bank commenced a foreclosure action on the mortgage, serving the foreclosure complaint on the client’s former spouse as a named defendant and further serving respondent’s client as an unknown tenant or occupant of the premises. Respondent admits that he thereafter contested the foreclosure action purportedly on behalf of his client’s former spouse, despite the fact that respondent had not discussed the matter with the former spouse and did not have authority to represent the former spouse. Respondent further admits that he served an answer and filed two affidavits in the action wherein he falsely stated that he represented his client’s former spouse, and further failed to disclose the true identity of his client. In addition, respondent admits that, during the course of the foreclosure action, he sent a letter to his client’s former spouse, the bank and counsel to the bank, proposing that his true client purchase the premises, despite the fact that he had not obtained prior approval from counsel to the bank to contact the bank directly.
We conclude that respondent has violated the following Rules of Professional Conduct:
rule 3.3 (a) (1) (22 NYCRR 1200.0) — knowingly making a false statement of fact or law to a tribunal and failing to correct a false statement of material fact or law previously made to the tribunal;
*59 rule 3.3 (e) (22 NYCRR 1200.0) — failing to disclose the identity of his client in presenting a matter to a tribunal;
rule 4.2 (a) (22 NYCRR 1200.0) — communicating during the course of the representation of a client about the subject of the representation with a party the lawyer knows to be represented by a lawyer in the matter;
rule 8.4 (c) (22 NYCRR 1200.0) — engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;
rule 8.4 (d) (22 NYCRR 1200.0) — engaging in conduct that is prejudicial to the administration of justice; and rule 8.4 (h) (22 NYCRR 1200.0) — engaging in conduct that adversely reflects on his fitness as a lawyer.
We have considered, in determining an appropriate sanction, respondent’s submissions in mitigation, including that he derived no personal benefit from the misconduct. We have further considered his expression of remorse and the numerous letters of support submitted by individuals attesting to his good character and longtime reputation for honesty. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.
Centra, J.P., Peradotto, Lindley and Martoche, JJ., concur.
Order of censure entered.